1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10   STEPHEN JONES,
                                              Case No. 18-cv-1860-BAS-RBB
11                              Plaintiff,
                                              **ORDER GRANTING**
12                                            **DEFENDANTS' MOTIONS TO**
                                              **DISMISS IN THEIR ENTIRETY**
13        v.
                                              **[ECF Nos. 3, 5]**
14   SYNERGETIC COMMUNICATION,
     INC., *et al.*,
15
                                Defendants.
16

17

18

19        Before the Court are two motions to dismiss filed by Defendants Synergetic

20   Communication, Inc. ("Synergetic") and Collecto, Inc. d/b/a EOS CCA ("EOS").

21   (ECF Nos. 3, 5.)  Plaintiff Stephen Jones filed an untimely consolidated opposition.

22   (ECF No. 8.)[1]  Defendants have filed a timely consolidated reply in support of

23   _____

24        [1] Plaintiff filed his opposition two days after the deadline triggered by the motions' noticed
     hearing date and despite this Court's *express* instruction to file a consolidated opposition no later
25   than October 22, 2018.  (*Compare* ECF Nos. 3, 5 and ECF No. 7 (Court's order) *with* ECF No. 8.)
     Plaintiff cites the Court's briefing schedule order, but fails to explain why his opposition was
26   untimely.  (ECF No. 8 at 1 n.1.)  A failure to comply with the timing rules for filing an opposition
     to a motion "may constitute a consent to the granting of a motion[.]"  S.D. Cal. L.R. 7.1.f.3.C.
27   Furthermore, the Court has the power to involuntarily dismiss this action if "the plaintiff fails . . . to
     comply with . . . a court order."  Fed. R. Civ. P. 41(b).  Although the Court considers Plaintiff's
28   opposition, the Court orders Plaintiff to *strictly* comply with the deadlines it sets.

dismissal. (ECF No. 9.) For the reasons herein, the Court grants Defendants' motions.

## BACKGROUND

Plaintiff Stephen Jones is a California resident. (Compl. ¶ 7.) Prior to January 5, 2018, "an obligation was allegedly incurred to AT&T Mobility" ("AT&T") by Plaintiff. (*Id.* ¶¶ 22–24.) Plaintiff "could not pay the alleged debt, and it went into default." (*Id.* ¶ 25.) EOS "purchased the alleged debt" and "contracted with [] Synergetic to collect" it. (*Id.* ¶¶ 26–27.)

On January 5, 2018, Synergetic sent Plaintiff a letter. (*Id.* ¶ 29, Ex. A ("the Letter").) The Letter indicated that "[o]ur client, EOS Cca, has placed" the alleged debt "with our office for collection in the amount of $691.60." (Letter at 1.) The second paragraph notified Plaintiff how he could dispute the validity of the debt. The middle portion of the letter stated that the "Client has agreed to offer" a "settlement" of the debt for $276.64 the payment of which "must be received by" February 19, 2018. (*Id.*) The Letter continued that "upon receipt of the settlement, our client will report the account has been settled in full." (*Id.*) The final sentence of the Letter stated that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, the creditor listed on the debt will not sue you for it . . ." (*Id.*)

Plaintiff has filed a putative class action complaint on behalf of California consumers against alleged debt collectors Synergetic and EOS for alleged violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.[2] (Compl. ¶ 5.) Plaintiff seeks damages, declaratory relief, and attorneys' fees. (*Id.* ¶ 6, *id.* at 15 (Prayer for Relief).)

---

[2] The caption of the Complaint indicates that Plaintiff has also raised a claim pursuant to the California Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*. (Compl. at 1.) Plaintiff does not separately plead an RFDCPA claim in the body of the Complaint.

**LEGAL STANDARD**

2      Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a

3  short and plain statement of the claim showing that the pleader is entitled to relief,"

4  in order to "give the defendant fair notice of what the . . . claim is and the grounds

5  upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

6  *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Rule 12(b)(6) motion to dismiss tests

7  the sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578,

8  581 (9th Cir. 1983). For the purposes of such a motion, the court accepts as true the

9  allegations in the complaint and construes those allegations in the light most

10 favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). To

11 survive a Rule 12(b)(6) motion, a plaintiff is required to set forth "enough facts to

12 state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

13 claim has facial plausibility when the plaintiff pleads factual content that allows the

14 court to draw reasonable inferences that the defendant is liable for the misconduct

15 alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be

16 enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at

17 556. The court need not accept as true legal conclusions pled in the guise of factual

18 allegations. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754−55 (9th Cir. 1994).

19 Relatedly, a pleading is insufficient if it offers only "labels and conclusions" or "a

20 formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555;

21 *Iqbal*, 556 U.S. at 676. In ruling on a 12(b)(6) motion to dismiss, a court may consider

22 materials properly submitted as part of the complaint. *Lee v. City of L.A.*, 250 F.3d

23 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

24

25 **A.     Federal Debt Collection Practices Act ("FDCPA") Claims**

26      "The FDCPA comprehensively regulates the conduct of debt collectors,

27 imposing affirmative obligations and broadly prohibiting abusive practices."

28 *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011) (citing,

*inter alia*, 15 U.S.C. § 1692(e)).  The statute "is a strict liability statute that 'makes debt collectors liable for violations that are not knowing or intentional.'"  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).  Although the Federal Trade Commission is empowered to enforce the FDCPA, "Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general."  *Gonzales*, 660 F.3d at 1061 (*citing Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)).  Because of the FDCPA's broad remedial nature, courts liberally construe the statute in favor of debtors.  *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).  "In the 9th Circuit, the court—and not the jury—determines whether a particular collection letter violates the FDCPA."  *Anderson v. Credit Collection Services, Inc.*, 322 F. Supp. 2d 1094, 1096 (S.D. Cal. 2004) (citing *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir. 1988) and *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)).

Plaintiff asserts two FDCPA claims.  (Compl. ¶¶ 42–46 (Section 1692e), *id*. ¶¶ 47–52 (Section 1692g).)  "There are four elements to an FDCPA cause of action: (1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o."  *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004)); *Gutierrez v. Wells Fargo Bank*, No. C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009) (same).  Synergetic and EOS move to dismiss on the ground that Plaintiff has failed to allege violations of Section 1692e and Section 1692g. [3]  The Court agrees with Defendants.

---

[3] The Complaint sufficiently alleges that Defendants are "debt collectors" for purposes of the FDCPA.  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection

### 1. Alleged Section 1692e Violations

The FDCPA generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means" in connection with the collection of a debt. 15 U.S.C. § 1692e. Section 1692e identifies a non-exhaustive list of conduct that violates the FDCPA, including "[t]he false representation of the character, amount, or legal status of any debt," *id*. § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

"An FDCPA plaintiff need not . . . have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the hypothetical 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc*., 755 F.3d 1109, 1117–18 (9th Cir. 2014) (emphasis in original). "The standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales*, 660 F.3d at 1061; *Donohue*, 592 F.3d at 1030; *Caudillo v. Portfolio Recovery Associates, LLC*, No. 12-CV-200-IEG (RBB), 2013 WL 4102155, at *2 (S.D. Cal. Aug. 13, 2013). This standard "'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous.'" *Clark*, 460 F.3d at 1171 (citation omitted). Nevertheless, "[t]he FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations." *Gonzales*, 660 F.3d at 1061. Thus, an alleged debtor's "'interpretation of a collection notice

---

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A person who purchases a debt already in default is also treated as a "debt collector" for the purposes of the FDCPA. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 931 (9th Cir. 2007). The Complaint alleges that both Defendants are "debt collectors" for the purposes of the FDCPA. EOS is not alleged to be the debt's original owner and the Letter shows the debt originated and defaulted with AT&T. (Compl. ¶¶ 9, 22–26, Letter at 1.) Synergetic is also alleged to be a "debt collector," an allegation which is plausible because the Letter expressly notes that the debt was placed with Synergetic "for collection." (Compl. ¶¶ 8, 27, Letter at 1.) Accordingly, the Court concludes that the FDCPA applies to both Defendants.

cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012); *see also Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016) ("Courts 'have carefully preserved the concept of reasonableness' and have presumed that debtors have 'a basic level of understanding and willingness to read [the relevant documents] with care' in order to safeguard bill collectors from liability for consumers' 'bizarre or idiosyncratic interpretations of collection notices.'").

Plaintiff alleges violations of Sections 1692e(2)(A) and 1692e(10) based on: (1) an alleged misleading and deceptive representation about the nature of the statute of limitations applicable to Plaintiff's alleged debt because the Letter states that Defendants "will not sue" for a time-barred debt instead of stating "cannot sue;" (2) an alleged failure to disclose that any payment by Plaintiff of the settlement amount would result in a novation that would reset the statute of limitations applicable to the alleged debt; and (3) an alleged omission regarding Synergetic's purported rights to sue on the debt. (Compl. ¶¶ 42–46.) Synergetic and EOS move to dismiss the Section 1692e claim in its entirety on the ground that the Letter is not misleading or deceptive as a matter of law. The Court analyzes each alleged misrepresentation or omission by Defendants and explains why Plaintiff has failed to state a Section 1692e claim as to each.

### a. Alleged "Will Not Sue" Misrepresentation

The first dispute the Court must resolve is whether Plaintiff's allegations regarding the use of "will not sue" as opposed to "cannot sue" plausibly states a claim that Defendants have violated the FDCPA by misrepresenting the legal status of a time-barred debt and seeking to collect a debt through such a misrepresentation. The Letter states that "*[t]he law limits how long you can be sued on a debt. Because of the age of your debt, the creditor listed on the debt will not sue you for it* and neither the creditor listed on this letter or our office will report the debt to any credit reporting agencies.*" (Letter at 1.) This language is the entirety of the Letter's applicable statute

of limitations language. Focusing on the italicized language, Plaintiff alleges that the Letter violates Section 1692e because it "implies that Defendant EOS has chosen not to sue . . ., instead of the fact that neither Defendant[s], nor any subsequent creditor/collector can file a lawsuit." (Compl. ¶ 35.) Plaintiff contends that the statement "is materially deceptive to the unsophisticated consumer, who would believe that Defendant EOS or a subsequent creditor has the option to change its mind should he/she not pay the alleged debt." (*Id.* ¶ 36.) In moving to dismiss, Synergetic and EOS contend that the Letter is "clear regarding the effect of the statute of limitations" and "adequately advises the least sophisticated debtor that the debt is not enforceable as a result of the statute of limitations." (ECF No. 3-1 at 6; ECF No. 5-1 at 6.) In support, Defendants argue that the Sixth Circuit has endorsed the Letter's language and the California Legislature will require debt collectors to include in debt collection letters "essentially identical" language as used in the Letter.[4] After careful consideration, the Court concludes that Plaintiff has failed to state a Section 1692e claim based on Defendants' use of "will not sue" as opposed to "cannot sue."

At the pleading stage, a plaintiff must "offer[] a plausible theory of consumer deception and confusion that 'nudge[s] [her] claim across the line from conceivable to plausible." *Buchanan v. Northland Grp.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *Twombly*, 550 U.S. at 570). Neither side identifies the relevant statute of limitations applicable to Plaintiff's alleged debt, but nevertheless they agree that the

---

[4] The Court does not find Defendants' argument regarding the California Legislature to be persuasive. The Legislature has enacted a provision that will require that the first written communication a debt collector sends to a consumer whose debt is time-barred state: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." Cal. Civ. Code § 1788.14(d)(2). As Defendants recognize, this provision will not become effective until January 1, 2019. (ECF No. 3-1 at 8; ECF No. 5-1 at 8.) Defendants fail to explain how this provision can apply *retroactively* to insulate them from liability pursuant to the FDCPA and the Court will not apply the provision to do so. The Court need not assess the argument further because dismissal of the Section 1692e claim as to this alleged misrepresentation is otherwise warranted based on the Court's review of federal authorities.

statute of limitations had lapsed by the time the Letter was sent to Plaintiff and thus Plaintiff's debt was time-barred. When alleged consumer deception and confusion concerns a time-barred debt, the question is whether the debt collection letter "could plausibly mislead a 'reasonable unsophisticated consumer' into thinking her debt is enforceable in court." *Buchanan*, 776 F.3d at 399 (citing *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012)). Neither the parties, nor this Court approaches this question in a vacuum.

Four circuit courts have held that debt collectors who falsely or misleadingly imply that a time-barred debt remains legally enforceable will have violated the FDCPA. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422 (3d Cir. 2018); *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016); *Buchanan*, 776 F.3d at 395; *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).[5] The decisions by these courts have focused on debt collection letters which included "settlement" offers directed to the respective plaintiff. These courts have concluded that "[b]ecause the words 'settlement' and 'settlement offer' *could* connote litigation, the least-sophisticated debtor could be misled into thinking . . . [the debt collector] could legally enforce the debt." *Tatis*, 882 F.3d at 425 (emphasis added); *see also Daugherty*, 836 F.3d at 513; *Buchanan*, 776 F.3d at 396; *McMahon*, 744 F.3d at

---

[5] Both Defendants and Plaintiff refer to a "circuit split" regarding whether a debt collector must also threaten litigation for an alleged misrepresentation regarding a time-barred debt to be actionable. *Compare Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.") *with McMahon*, 744 F.3d at 1021 (concluding that the FDCPA does not require a threat of litigation, but independently prohibits any false, deceptive, or misleading representation and that "[i]f a debt collector stated that it *could* sue on a time-barred debt but was promising to forbear, that statement would be a false representation about the legal status of that debt.") and *Tatis*, 882 F.3d 422 at 430 (agreeing that the FDCPA does not require a threat of litigation and limiting scope of prior decision in *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) which suggested otherwise). The Court finds persuasive the majority approach that the FDCPA prohibits misleading representations separate and apart from a threat and applies that approach in this case.

1013–14.  The concern animating these cases is the *potential* to mislead the least
sophisticated consumers about the status of a time-barred debt.  Like these cases,
Defendants' Letter uses the term "settle."  (Letter at 1.)  But unlike the Letter in this
case, four of the cases involved letters which did not contain the Letter's language
that "the law limits how long you can be sued on a debt."  The parties dispute whether
the inclusion of this language makes all the difference.  The Court concludes that it
does.

As an initial focal point, the parties argue about the impact of *Pantoja* on this
a case because the debt collection letter in that case used "will not sue" language.
Plaintiff contends that *Pantoja* "makes clear that the debt collector's choice of
language 'will not sue' is misleading to the least sophisticated consumer."  (*Id*.)
Plaintiff misstates *Pantoja* on this issue.

In *Pantoja*, the Seventh Circuit upheld summary judgment in favor of a
plaintiff's Section 1692e claim based on a debt collection letter's language about a
time-barred debt.  In its analysis of the letter's "will not sue" language, the *Pantoja*
court observed that the Federal Trade Commission and a debt collector had entered
into a consent decree in 2012, which required the collector's future letters sent to
consumers with time-barred debts to say: "The law limits how long you can be sued
on a debt.  Because of the age of your debt, we will not sue you for it."  *Id*. at 686
(quoting *McMahon v. LVNV Funding, LLC*, 2012 WL 2597933, at *2 (N.D. Ill. July
5, 2012), *rev'd on other grounds*, 744 F.3d 1010 (7th Cir. 2014); *see also* 78 Fed.
Reg. at 67,876 n.240 (quoting consent decree)).  Turning to the letter at issue, the
*Pantoja* court concluded that it could reasonably be interpreted to confuse an
unsophisticated consumer in violation of the FDCPA because its "carefully crafted
language" omitted the first sentence and included only the "vaguer" second sentence.
*Id*. at 686–87.  The *Pantoja* court deemed the omission as a "deliberate ambiguity"
that was "chosen to obscure from the debtor that the law prohibits the collector from
suing to collect this debt," which is "the sort of misleading tactic the FDCPA

prohibits." *Id.* at 687.

Unlike the *Pantoja* letter, Defendants' Letter includes language indicating that the law limits how long an individual can be sued on a debt. (Letter at 1.) As Plaintiff recognizes, another judge in this District previously rejected a different plaintiff's FDCPA claim concerning a letter like Defendants', which included the language missing from the *Pantoja* letter. *See Miran v. Convergent Outsourcing, Inc.*, No. 3:16-cv-00692-AJB-JMA, 2017 WL 1410296, at *6 (S.D. Cal. Apr. 20, 2017) (Battaglia, J.). Applying an "objective lens," the *Miran* court determined that the debt collector's settlement offer letter "does not misrepresent the character or amount of Plaintiff's debt." *Id.* Distinguishing the letter from *Pantoja* in a footnote, the *Miran* court expressly noted that the letter "clearly states '[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.'" *Id.* & n.4. Consequently, the *Miran* court dismissed the FDCPA claims without prejudice.

Plaintiff asks this Court "to reconsider the *Miran* Court's decision as to this language in light of the *Pantoja* rationale." (ECF No. 8 at 7.) This Court cannot "reconsider" a decision by a different district court judge. *See Graves v. Atl. Express*, CV 07-6002-PSG (FMOx), 2008 WL 11343090, at *2 (C.D. Cal. Mar. 10, 2008) ("We are not a court of appeals, and do not have jurisdiction in this matter to reconsider the rulings of another judge of the United States District Court."). Therefore, the Court will not entertain Plaintiff's request to "reconsider" *Miran*.

As a decision by another federal district court judge, *Miran* is entitled to as much deference as its persuasive value may warrant. *See City of Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010) ("District court opinions are relevant for their persuasive authority but they do not bind other district courts within the same district."); *DSU Med. Corp. v. JMS Co., Ltd*., 296 F. Supp. 2d 1140, 1150 (N.D. Cal. 2003) (another district court decision "is not binding precedent for this Court. It is to be considered only for its wisdom, or lack of wisdom."). The parties

dispute *Miran*'s persuasiveness. Synergetic and EOS latch onto *Miran*'s distinguishing of *Pantoja* to argue that their Letter cannot violate the FDCPA. (ECF No. 3-1 at 9.) Plaintiff contends that *Miran*'s analysis of *Pantoja* is "cursory." (ECF No. 8 at 6.) The Court agrees with Plaintiff on this point. That *Miran* is cursory does not mean that its outcome is incorrect.

Undertaking its own analysis, the Court agrees with *Miran*'s conclusion that *Pantoja* is inapposite because its reading of the "will not sue" language turned on the omission of "the law limits how long you can be sued on a debt." The *Pantoja* court found ambiguity sufficient to state an FDCPA claim based on the difference between "will not sue" and "cannot sue" *in light of the omission*. *See Pantoja*, 852 F.3d 686–87. The factual dissimilarity with the Letter in this case means that *Pantoja* cannot resolve Defendants' motion to dismiss. *See Richardson v. LVNV Funding, LLC*, No. 16 C 9600, 2017 WL 4921971, at *3 (N.D. Ill. Oct. 31, 2017) (stating that "[t]he holding in *Pantoja* . . . does not resolve this motion to dismiss" because "[t]he letter sent to Richardson includes an additional, preceding sentence that discusses time-barred debts[.]"). The question for the Court thus remains whether Defendants' "will not sue" language plausibly misleads or could mislead the least sophisticated consumer about the legal status of the alleged debt.

Defendants argue that such language cannot mislead the least sophisticated consumer based on the Sixth Circuit's decision in *Buchanan v. Northland Group*, 776 F.3d 393, 400 (6th Cir. 2015). Specifically, in *dicta*, the *Buchanan* court suggested that a debt collector "unsure about the applicable statute of limitations" could use such language to "correct[] any possible misimpression by unsophisticated consumers without venturing into the realm of legal advice." *Id.* at 400. The *Buchanan* court made this suggestion despite its earlier determination that the use of the terms "settle" or "settlement offer" in the letter at issue could have legal connotations that might mislead a consumer regarding the enforceability of a time-barred debt.

Separate and apart from *Buchanan* and although Defendants do not expressly invoke the notion of a "safe harbor," Plaintiff asserts that "other Courts have adopted" as a "safe harbor" for debt collectors seeking to collect on a time-barred debt language approved in the 2012 FTC consent decree referenced in *Pantoja* and used in the Letter. (ECF No. 8 at 6.) In fact, both the Consumer Financial Protection Bureau ("CFPB") and FTC, two agencies tasked with enforcing the FDCPA, have required collectors of time-barred debts to adopt in publicly filed consent decrees the same language used in the Letter. *See United States v. Asset Acceptance, LLC*, No. 8:12-cv-00182, ECF No. 5, Consent Decree at 13 (M.D. Fla. Jan. 31, 2012) ("The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."); *In the Matter of Portfolio Recovery Associates, LLC*, File No. 2015-CFPB-0023, Doc. 1, Consent Decree at 39 (Sept. 9, 2015) (available at: https://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf) ("The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.")).[6]

District courts have taken varying positions on whether and when a plaintiff has stated a plausible FDCPA claim that a debt collector defendant has misrepresented the legal status of a debt in a letter which includes this "disclaimer." *Compare Richardson v. LVNV Funding, LLC*, No. 16 C 9600, 2017 WL 4921971, at *1 (N.D. Ill. Oct. 31, 2017) (finding that use of the words "will not" as opposed to "cannot" is itself sufficient to mislead a consumer although letter did not use term "settle") *and Collopy v. Dynamic Recovery Solutions, LLC*, No. 16 C 6667, 2017 WL 1321118, at *2 (N.D. Ill. Apr. 4, 2017) (same) *with Gunther v. Midland Credit Mgmt.,*

---

[6] Pursuant to Federal Rule of Evidence 201, the Court may "take judicial notice of 'matters of public record,' but not of facts that may be 'subject to reasonable dispute.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The Court takes judicial notice of the consent decrees. Material properly subject to judicial notice may be considered without converting a motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

No. 2:17-cv-704, 2018 WL 4621764, at *8 (D. Utah Sept. 26, 2018) (concluding that "the letter's language providing 'we will not sue' instead of 'cannot sue,' when considered together with the letter's offer to save Ms. Gunther money, is also plausibly misleading.") *and Holt v. LVNV Funding*, LLC, 147 F. Supp. 3d 756, 760–61 (S.D. Ind. 2015) (concluding that plaintiff had stated plausible Section 1692e claim despite letter's use of disclaimer because the letter continued to use the term "liability," which could be misleading to consumers) *with Miran*, 2017 WL 1410296, at *1, 6 (no plausible FDPCA violation for letter using the disclaimer language); *Judah v. Total Card, Inc*., No. 16-5881, 2017 WL 2345636, at *5 (D.N.J. May 30, 2017) (expressly finding that letter offering to settle a debt was not deceptive based on the disclaimer " [b]ecause this language has been endorsed by the CFPB and the FTC"); *Genova v. Total Card, Inc*., 193 F. Supp. 3d 360, 367–68 (D.N.J. 2016) (referencing *Buchanan* and noting that "the plain language of the Letter's disclaimer informing Plaintiff that the statute of limitations had expired and that MBC would not sue him—the same language endorsed by the FTC and CFPB—demonstrates that Defendant did not misrepresent the legal status of the MCB Debt in the Letter."); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No.: 15-8144 (JLL) (SCM), 2016 WL 1626958, at *11 (D.N.J. Apr. 25, 2016) ("[I]n light of this explicit disclaimer acknowledging that the debt is time-barred, even the least-sophisticated debtor would not believe that the Debt was legally enforceable").

The Court concludes that, in the context of this case, the "will not sue" language could not plausibly mislead the least sophisticated consumer. A debt collection letter's potential to mislead the least sophisticated consumer must be assessed based on the entirety of the letter and thus a court should not myopically focus on one aspect of the letter when other language in the letter dispels such potential. *Tatis*, 882 F.3d at 430 ("[I]n keeping with the text and purpose of the FDCPA, . . . any such letters, *when read in their entirety*, must not deceive or mislead the least-sophisticated debtor into believing that she has a legal obligation to pay the

time-barred debt." (emphasis added)).  The Letter's clarification regarding the legal limitation on the enforceability of the debt—*i.e.* that enforcement of the debt is legally barred—precedes the phrase "will not sue."  The disclaimer eliminates the ambiguity the *Pantoja* court found in a debt collector's use of the phrase "will not sue."  *Genova*, 193 F. Supp. 3d at 367–68; *Filgueiras*, 2016 WL 1626958, at *11; *see also Miran*, 2017 WL 1410296, at *6.  The Court thus adopts as an explicit holding what *Buchanan* made implicit.  *See Buchanan*, 776 F.3d at 400.  In light of the disclaimer, the least sophisticated consumer would not plausibly be misled into believing that his time-barred debt is enforceable simply because the Letter uses the phrase "will not sue."

The Court acknowledges that the Letter uses the term "settle," which several circuit courts have concluded may itself have legal connotations that could mislead an unsophisticated consumer into believing that a time-barred debt is enforceable.[7] *See Tatis*, 882 F.3d at 425; *Daugherty*, 836 F.3d at 513; *Buchanan*, 776 F.3d at 396; *McMahon*, 744 F.3d at 1013–14.  But Plaintiff does not allege in the Complaint that the term "settle" creates an ambiguity that, together with the Letter's use of the phrase "will not sue," could mislead the least sophisticated consumer.  Even if Plaintiff had alleged as such, the circuit court decisions are distinguishable because the debt collection letters those cases lacked clarifying language that could obviate the

---

[7] The Court recognizes that some courts have dismissed FDCPA claims concerning letters with the disclaimer when the letters did not use the term "settle."  For example, at least one district court has dismissed FDCPA claims regarding a debt collection letter with the disclaimer when the letter did not use the words "settle" or "settlement" and was not otherwise misleading.  *See Trichell v. Midland Credit Mgmt.,* No. 4:18-cv-00132-ACA, 2018 WL 4184570, at *4 (N.D. Ala. Aug. 31, 2018) (distinguishing the letter from those in *Tatis*, *Buchanan*, *McMahon*, and *Daugherty* by noting that "in this case, the collection letters say nothing about 'settlement'").  Similarly, another district court has granted summary judgment by concluding that the language would not mislead the least sophisticated consumer in violation of the FDCPA when the debt collection letter used the disclaimer, did not explicitly present a "settlement offer," and the plaintiff had otherwise failed to present evidence showing that an unsophisticated consumer would be misled.  *See Stimpson v. Midland Credit Mgmt.*, No. 1:17-cv-00431-BLW,—F. Supp. 3d—, 2018 WL 4643110, at *8–9 (D. Idaho Sept. 27, 2018).  The Court does not read these cases to be inconsistent with its inclusion in this case, but rather as addressing a different factual scenario.

potential ambiguity in the term "settle." *See Stimpson*,—F. Supp. 3d—, 2018 WL 4643110, at *7 ("These cases are distinguishable, however, because none of the dunning letters included the same disclaimer language Midland used here. In fact, in four of the five cases—*Buchanan*, *Daugherty*, *McMahon*, and *Tatis*—the letters did not contain any disclaimer at all."). Like the Letter in *Stimpson*, the Letter in this case expressly clarifies that "the law limits how long you can be sued on a debt." (Letter at 1.) And the Letter before this Court expressly indicates that the alleged debt would be settled in "full," which means more than simply that Defendants will not sue Plaintiff, but will remove Plaintiff from Defendants' debt collection list.

Plaintiff's Section 1692e claim regarding the Letter's use of "will not sue" thus reduces to a mere "idiosyncratic" interpretation regarding the Letter's language, requiring the Court to strain to find an ambiguity that could mislead the least sophisticated consumer where none plausibly exists. Plaintiff's interpretation is thus insufficient to sustain his FDCPA claim on a motion to dismiss. *See Wan v. Commercial Recovery Systems, Inc.*, 369 F.Supp.2d 1158, 1162 (N.D. Cal. 2005 ) (The "FDCPA 'does not extend to every bizarre or idiosyncratic interpretation' of a collection notice but 'does reach a reasonable interpretation of a notice by even the least sophisticated.'"). Accordingly, the Court grants Defendants' motion to dismiss the Section 1692e claim insofar as it concerns the use of "will not sue" versus "cannot sue." Plaintiff's Section 1692e claim on this basis is dismissed without prejudice.

This is not to say that a debt collector's mere use of the disclaimer will itself insulate the debt collector from liability. For example, at least one district court has denied a motion to dismiss filed by a party subject to a consent decree because the disclaimer language was undermined by other aspects of the letter. *See Shadow v. Midland Credit Mgmt.*, No. 3:17-cv-02277-L-BLM, 2018 WL 4357980, at *4 (S.D. Cal. Sept. 13, 2018) (rejecting argument that inclusion of disclaimer "immunized" defendant from liability because "the language was not prominently disclosed as required by the Consent Decree" and "MCM included other language that detracted

from the required disclosure.").  This Court finds persuasive the line of authorities which have sustained FDCPA claims concerning debt collection letters that contain the disclaimer but which have other language which may mislead the least sophisticated consumer.  *See Gunther*, 2018 WL 4621764, at *8; *Holt* , 147 F. Supp. 3d at 760–61.  But, as the Court will discuss, Plaintiff's other allegations regarding the Letter in this case do not state an FDCPA claim and thus this line of authority cannot sustain Plaintiff's Complaint.

### b. Alleged Failure to Disclose Novation

Plaintiff alleges that Defendants have violated Section 1692 because the Letter fails to disclose that the previously-lapsed statute of limitations . . . will recommence upon payment by Plaintiff." (Compl. ¶ 38.)  Synergetic and EOS move to dismiss on the ground that "the Letter does not create a novation that would reset the statute of limitations."  (ECF No. 3-1 at 9–10; ECF No. 5-1 at 10–11.)  In effect, Defendants contend that Plaintiff has not plausibly alleged a failure to disclose a novation because the Letter does not create one.  Although the Complaint does not expressly use the term "novation," both sides agree that the alleged failure to disclose concerns a novation.  (ECF No. 3-1 at 9–10; ECF No. 5-1 at 10–11; ECF No. 8 at 7–8.)  The Court agrees that Plaintiff has failed to state a Section 1692e claim on this basis.

Pursuant to California law, a "novation is the substitution of a new obligation for an existing one." *Wells Fargo v. Bank of Am.*, 38 Cal. Rptr. 2d 521, 525 (Cal. Ct. App. 1995) (quoting Cal. Civ. Code § 1530).  The new obligation may be between the same parties or arise because of a new debtor or new creditor.  *Id.* (citing Cal. Civ. Code § 1531).  The party attempting to prove that a novation has occurred must satisfy "four essential requisites: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) validity of the new one." *Young v. Benton*, 131 P. 1051, 1052 (Cal. Ct. App. 1913); *see also Miran v. Convergent Outsourcing, Inc.*, No.: 3:16-CV-00692-AJB-JMA, 2017 WL 1410296, at *3 (S.D. Cal. Apr. 20, 2017).  The Complaint does not plausibly show

that the Letter creates or could create a novation.

First, although the Complaint identifies Plaintiff's previous debt obligation to AT&T, Plaintiff does not concede that it was a valid obligation and instead denominates it a mere "alleged" debt. (*See, e.g.*, Compl. ¶ 22 ("an obligation was allegedly incurred to AT&T"); *id.* ¶ 24 ("[t]he alleged AT&T debt"); *id.* ¶ 26 ("EOS purportedly purchased the alleged debt").) The Court acknowledges that the FDPCA defines "debt" to include an "*alleged* obligation of a consumer" to pay money. 15 U.S.C. § 1692a(5) (emphasis added). Because of this definition, "an alleged debt is enough to trigger the FDCPA because Congress intended 'to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.'" *Rudio v. Credit Control, LLC*, No.16-cv-03003-JD, 2018 WL 4772303, at *1 (N.D. Cal. Oct. 1, 2018) (quoting *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)). But by seeking to rely on the creation of a novation pursuant to California law, Plaintiff necessarily must plausibly allege that the Letter could create a novation pursuant to California law. A novation cannot occur without a valid obligation. *Young*, 131 P. at 1052. Plaintiff's failure to allege that the AT&T debt is a valid obligation means he cannot satisfy the first element of novation and, thus, he cannot plausibly claim that the Letter failed to disclose the creation of a novation.

Second, Plaintiff has not plausibly alleged an agreement amongst the parties. As a matter of contract, novation "is subject to all the rules concerning contracts in general," including the rule that contract formation requires the parties' mutual assent. *See Wells Fargo*, 38 Cal. Rptr. 2d at 525; *N. Counties Bank v. Earl Himovitz & Sons Livestock Co.*, 31 Cal. Rptr. 551, 557 (Cal. Ct. App. 1963) ("Existence of a novation turns on the parties' intention to discharge the old contract and substitute a new one."). The Complaint fails to show how the parties mutually intended to create a novation. Plaintiff alleges that the Letter's purported failure to disclose to him the creation of a novation with a new statute of limitations is "materially deceptive."

(Compl. ¶¶ 38–39.)  An allegation of deception cannot plausibly show a meeting of the minds or an agreement as to the terms of the novation sufficient to create a novation.  *See Miran*, 2017 WL 1410296, at *3 (citing *Metro. Transp. Comm'n v. Motorola, Inc*., 342 Fed. App'x 269, 271 (9th Cir. 2009)).  The Complaint otherwise lacks allegations showing any other conduct by the parties to assent to a novation. *See Binder v. Aetna Life Ins. Co*., 89 Cal. Rptr. 2d 540, 551 (Cal. Ct. App. 1999) ("Mutual assent may be manifested by written or spoken words, or by conduct.").

Because Plaintiff has failed to plausibly allege the creation of a novation, it follows that he cannot plausibly allege a Section 1692e violation on this basis.  *See Miran*, 2017 WL 1410296, at *6 ("Plaintiff has failed to allege a novation. Consequently, the rest of Plaintiff's contentions regarding Defendant's alleged violations of the FDCPA are without merit.").  The Court dismisses the Section 1692e claim insofar as it is premised on a purported novation.

### c.  Alleged Omission Regarding Synergetic

Lastly, the Complaint alleges that Defendants have violated Section 1692e because "the Letter is completely silent as to the rights of debt collector, Defendant Synergetic, to file a lawsuit against the consumer."  (Compl. ¶ 37.)  Synergetic contends that it "does not own the debt and only the owner—EOS []—can sue on the debt."  (ECF No. 3-1 at 6.)  In opposition, Plaintiff fails to respond to this assertion by Synergetic and argues the sufficiency of his Section 1692e claim based only on the prior two bases, *i.e.* misrepresentation regarding the statute of limitations and failure to disclose the creation of a novation.  (*See generally*, ECF No. 8.)  The Court construes Plaintiff's failure to respond as a concession to dismissal of the Section 1692e claim insofar as it is premised on the alleged omission regarding Synergetic's purported "rights" to file a lawsuit against him.  *See* S.D. Cal. L.R. 7.f.3.C. Moreover, on the merits, a Section 1692e claim on this basis is not plausible. Synergetic does not own the debt and "merely being retained to collect a debt does not convey the ownership of the debt to the debt collector" that would permit a party

to sue on the debt. *See Judah*, 2017 WL 2345636, at \*5. Accordingly, the Court dismisses Plaintiff's Section 1692e claim insofar as it concerns this alleged omission.

## 2. Section 1692g "Overshadow" Claim

Pursuant to Section 1692g of the FDCPA, a debt collector communicating with a consumer must provide the consumer with notice regarding the consumer's debt either in the initial communication or in a written notice sent within five days of the initial communication. The Section 1692g notice must provide: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the debt's validity within thirty days after receipt of the notice, the debt collector will assume the debt to be valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

In connection with the Section 1692g notice, the FDCPA prohibits any collection activities during the thirty-day window that "overshadow or [are] inconsistent with the disclosure of the consumer's right to dispute the debt," including statements in the notice itself. 15 U.S.C. § 1692g(b). As with Section 1692e claims, courts employ the "least sophisticated consumer" standard to assess a plaintiff's claim that certain language overshadows or is inconsistent with the Section 1692g notice. *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997); *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). The question of whether language in a collection letter overshadows or contradicts the Section 1692g notice so as to confuse the least sophisticated debtor is a question of law. *Terran*, 109 F.3d at 1432; *Elliott v. Credit Control Servs.*, No. 09CV2649 DMS (BLM), 2010 WL 1495402, at

*2 (S.D. Cal. Apr. 14, 2010); *Durham v. Cont'l Cent. Credit*, 600 F. Supp. 2d 1124, 1128 (S.D. Cal. 2008).

Plaintiff asserts a Section 1692g claim against Synergetic and EOS. (Compl. ¶¶ 47–52). Specifically, Plaintiff alleges that the "deceptive and misleading statements and material omissions . . . overshadow the g-notice contained in the Letter, since they fail to clearly state the legal status of the debt and potential ramifications for not paying." (*Id.* ¶ 39.) Neither Defendant meaningfully analyzes the sufficiency of Plaintiff's Section 1692g claim, instead merely asserting that the "given th[e] mandate" of the California Legislature, "it is difficult to understand how the language could be found to overshadow the 1692g notice in the same letter." (ECF No. 3-1 at 9; ECF No. 5-1 at 10.). Notwithstanding the insufficiency of Defendants' dismissal argument, the Court is not persuaded that Plaintiff has sufficiently pleaded a Section 1692g claim.

Plaintiff does not controvert that the Letter contains the stautorily required notice that he may dispute the validity of his "alleged debt." (*See* ECF No. 8 at 9.) The issue is thus whether other language in the Letter contradicts or is inconsistent with his right to dispute the validity of the debt identified in the Letter. *Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").

FDCPA violations have been found notwithstanding the provision of the Section 1692g notice when "language regarding *payment* of the alleged debt [ ] contradicted or overshadowed the validation notice." *Terran*, 109 F. 3 d at 1433 (emphasis in original). For example, a communication that requires additional information beyond the FDCPA's statutory framework to dispute the validity of a debt can violate Section 1692g. *See McCurdy v. Prof'l Credit Serv.*, No. 6:15-CV-01498-AA, 2015 WL 6744269, at *3 (D. Or. Oct. 30, 2015) (denying motion to

dismiss Section 1692g claim when "defendant has added additional language suggesting a debt must be contested in writing and with supporting documentation" in contravention of the FDCPA). A communication will also violate the FDCPA if it demands payment of the alleged debt within *less than* the thirty day statutory time frame provided for disputing the debt. *Id.* at 1433. The Ninth Circuit has underscored that the thirty day time frame is triggered by an individual's *receipt* of a letter, not the date the letter is sent. *See Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 991 (9th Cir. 2017) ("In this case, the May Notice demanded payment within thirty-five days of the *date* of the letter, which is inconsistent with a debtor's right to dispute a debt within thirty days of *receipt* of the letter. By the time a debtor receives such a letter, there may be fewer than thirty days before payment is due." (emphasis in original)).

Plaintiff contends that because the "Letter is entirely misleading as to the true legal status of his debt . . . the Letter overshadows the 'G-Notice' by intimidating him to immediately pay the alleged debt before he is potentially sued on it in the future." (ECF No. 8 at 9–10.) He is therefore asserting that the Letter violates the FDCPA by requiring that he pay the alleged debt before the termination of the thirty day period. It is not clear to the Court that Plaintiff has stated a plausible Section 1692 claim on this basis. The Letter expressly states that any "[p]ayment must be received by: 2/19/18." (Letter at 1.) The Letter is dated January 5, 2018 and thus requires any payment of the settlement offer some forty-five days after the date of the communication containing the Section 1692g notice. But the Complaint does not allege the date Plaintiff *received* the Letter and Plaintiff does not provide such information in his opposition. Thus, the Court cannot conclude that Plaintiff has adequately alleged a Section 1692g claim on this basis.

Plaintiff does not otherwise offer any other allegations or explanation for how the potentially misleading representation regarding the legal status of the debt plausibly overshadows the Section 1692g notice he received. *See, e.g., Swanson*, 869

F.2d at 1225 (concluding that notice was "misleading in both form and content" because the debt validation notice was "dwarfed by a bold faced, underlined message three times the size" and that the "substance of the language stands in threatening contradiction to the text of the debt validation notice."). Whether the debt is legally enforceable or not, Plaintiff's right to dispute the validity of an alleged debt remains and the Letter communicates that right. Accordingly, the Court dismisses Plaintiff's Section 1692g "overshadow" claim without prejudice.

**B.  California Rosenthal Fair Debt Collection Practices Act**

The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") expressly treats certain violations of the FDCPA as violations of California law, including the FDCPA provisions Plaintiff raises in the Complaint. Section 1788.17 of the RFDCPA provides that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. To the extent a plaintiff is able to plausibly allege FDCPA claims, the plaintiff has also stated derivative claims under the RFDCPA. *See Davis*, 832 F.3d at 966 n.3 ("Because the [RFDCPA] claim is derivative of the [FDCPA] claim, we do not address it separately."); *White v. First Step Grp. LLC*, No. 2:16-cv-02439-KJM-GGH, 2017 WL 4181121, at *9 (E.D. Cal. Sept. 20, 2017).

Plaintiff contends he has raised an RFDCPA claim in the Complaint.[8] (ECF

---

[8] Plaintiff confusingly argues that "California law may not apply to this case" because "it is common practice for the underlying agreement between the consumer and the creditor to contain a choice-of-law provision." (ECF No. 8 at 10.) Plaintiff thus contends he "should be afforded the opportunity to conduct discovery to obtain these disagreements [] to determine whether the laws of California even apply to this action." (*Id.*) Plaintiff relies on *McNamara v. Royal Bank of Scot. Group, PLC*, No. No. 11-cv-2137-L(WVG), 2012 WL 5392181 (S.D. Cal. Nov. 5, 2012) for this argument. *McNamara*, however, involved a defendant who moved to arbitrate, which required the court to assess the validity of the arbitration agreement pursuant to state law—an inquiry which turned on the choice of law provision in the underlying agreement. Synergetic and EOS have not

18cv1860

No. 8 at 2 ("Mr. Jones filed a putative class action complaint . . . against Defendants, setting forth allegations of deceptive, misleading, and unfair debt collection practices in violation of . . . the [RFDCPA], Cal. Civ. Code § 1788 *et seq*.").)  Specifically, Plaintiff contends that he raised a claim pursuant to Section 1788.17.  (*Id.*)  Plaintiff refers to the RFDCPA in the Complaint's caption, but the Complaint does not plead an RFDCPA claim as a separate count as Plaintiff has done with his FDCPA Section 1692e and 1692g claims.  (*See* Compl. at 1; *see generally id.*)  Plaintiff, however, does allege that he is a California resident and the underlying debt collection letter attached to the Complaint expressly refers to the RFDCPA.  (Compl. at 1 & Ex. A.)

    The Court finds that the caption and the factual allegations gave Defendants fair notice that Plaintiff's FDCPA allegations might also state an RFDCPA claim. *See Yeiser Research & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1037 (S.D. Cal. 2017) (Bashant, J.) ("[T]he focus of the Federal Rules is on whether the factual allegations of the Complaint—not the precise pleading of a specific statute or law—provide [the defendant] with fair notice of the claims asserted against it.") (citing *Twombly*, 550 U.S. at 555; *see also Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014)).  Even so, because Plaintiff has failed to state any violations of the FDCPA, he has failed to state any claim pursuant to the RFDCPA.  Accordingly, the Court dismisses his RFDCPA claims without prejudice.

## CONCLUSION & ORDER

    For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss in their entirety.  (ECF Nos. 3, 5.)  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's FDCPA claims pursuant to 15 U.S.C. §§ 1692e and 1692g and his derivative RFDCPA claims.

    Plaintiff is **GRANTED LEAVE TO AMEND** the Complaint **no later than December 4, 2018**.  Notwithstanding the Court's RFDCPA analysis, if Plaintiff

---

moved to arbitrate Plaintiff's claims and thus any choice of law provision is irrelevant to the sufficiency of Plaintiff's FDCPA and RDCPA claims at this juncture.

amends the Complaint, he must plead his RFDCPA claim in a separate count. If Plaintiff fails to file an amended complaint by this deadline, the case will remain closed.

**IT IS SO ORDERED.**

**DATED: November 20, 2018**

Hon. Cynthia Bashant
United States District Judge